GIBSON DUNN

Lucas C. Townsend
Partner
T: +1 202.887.3731
M: +1 202.591.6657
ltownsend@gibsondunn.com

VIA ECF

October 16, 2026

The Honorable Robert Kirsch, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: *Gary Minguez v. AT&T Corp. et al.*, Case 3:24-cv-09069**

Dear Judge Kirsch:

We represent Defendants AT&T Corp. ("AT&T"); AT&T Mobility Services, LLC; and AT&T Services, Inc. (collectively, "Defendants") in the above-referenced matter. Pursuant to Section I.B of Your Honor's Rules and Procedures, we write to request a pre-motion conference regarding Defendants' anticipated Motion for Summary Judgment on Plaintiff Gary Minguez's claims for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. § 10:5-12. Fact discovery closed on March 16, 2026. ECF No. 57.

The undisputed evidence shows that Plaintiff's employment ended because he chose not to follow his role when it moved to Dallas, a decision he testified was "exclusively because it was [his] personal choice" not to leave New Jersey. Minguez Tr. 164:9–13.[1] As a result, Plaintiff cannot establish a prima facie discrimination or retaliation case. Even if he could, Plaintiff has no evidence to suggest any pretext in AT&T's legitimate business reason: it relocated his position from an organizationally isolated Delaware location to its corporate headquarters in Dallas, Texas, under the company-wide How and Where We Work ("HWWW") consolidation initiative and terminated him when he declined to relocate. In addition, both AT&T Mobility Services, LLC and AT&T Services, Inc. are entitled to summary judgment for the independent reason that neither was Plaintiff's employer.

## I. Plaintiff's Age Discrimination Claims Fail as a Matter of Law.

### A. Plaintiff Cannot Establish a Prima Facie Case.

ADEA and NJLAD age claims are subject to the same standards and the *McDonnell Douglas* framework. *Fowler v. AT&T, Inc.*, 19 F.4th 292, 298–99 (3d Cir. 2021). As such, to make a prima

[1] All citations to the "Minguez Tr." are to the deposition of Plaintiff Gary Minguez, taken on February 4, 2026. Citations to the "Bernardo Tr." are to the deposition of Plaintiff's direct supervisor, Richard Bernardo, taken on January 29, 2026. Citations to the "Purcell Tr." are to the deposition of Mr. Bernardo's direct supervisor, Greg Purcell, taken on January 27, 2026. Citations to the "Abart Tr." are to the deposition of Mr. Purcell's direct supervisor, Derek Abart, taken on January 16, 2026. Citations to the "Omet Tr." are to the deposition of Mr. Abart's direct supervisor, Melissa Omet, taken on January 23, 2026.

facie showing of age discrimination, Plaintiff must show that he (1) was over 40, (2) was qualified, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of age discrimination. *See id.* at 299.

Plaintiff has not created a genuine issue of fact as to the fourth element. AT&T's only decision was to relocate a role; whether Plaintiff kept his job was his own choice. *See EEOC v. MCI Int'l, Inc.*, 829 F. Supp. 1438, 1475 (D.N.J. 1993) (no prima facie case where "her own refusal to accept a transfer . . . resulted in her layoff"). It is undisputed that Plaintiff could have relocated with the job and chose not to do so for his own personal reasons: AT&T told Plaintiff his role was moving and that he could apply to it; his managers testified he would have been selected for the relocated role; and Plaintiff testified he did not apply and would not have applied even if the job were guaranteed. Minguez Tr. 164:9–13, 150:11–19; Bernardo Tr. 87:4–7; Purcell Tr. 29:24–30:2.

Nor does any other evidence support an inference of discrimination. *See Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 646 (3d Cir. 2015) (affirming summary judgment where the plaintiff failed to establish an inference of discrimination based on her own belief and a passing retirement comment without more). Plaintiff admitted that he can identify no evidence suggesting the decisionmakers discriminated against him based on age or even that they knew his age. Minguez Tr. 26:7–19; 78:4–7; 158:20–159:15; 162:2–6; 160:16–161:18. The decisionmaker who selected Plaintiff's position for relocation testified that he did not have access to employee age data. Abart Tr. 157:10–17. Only after Plaintiff declined to relocate was the role filled by a Dallas-based employee. Nor can Plaintiff create a genuine issue of fact as to whether similarly situated, younger employees were treated more favorably on a comparator basis. *Fowler*, 19 F.4th at 299–301. As the only employee in his role in an isolated location, Plaintiff has no similarly situated comparators. And other employees in Plaintiff's work group were relocated as part of HWWW. To the extent any employees in other locations are treated as comparators, the decisionmakers did not know the ages of the employees in the affected roles, so age cannot explain any difference in the treatment of the roles. Plaintiff also admits he has no basis to dispute that AT&T retained employees older than him, including those who reported to Plaintiff's direct supervisor, and terminated employees under 40 through HWWW. Minguez Tr. 99:25–100:11.

### B. AT&T Had a Legitimate, Nondiscriminatory Reason for Relocating Plaintiff's Role and Terminating Plaintiff After He Refused To Relocate.

To the extent Plaintiff could proceed to the second step of the governing framework, extensive record evidence confirms AT&T's legitimate, nondiscriminatory reason for terminating Plaintiff—specifically, his refusal to relocate when his role was relocated as part of a broader corporate initiative. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). The Third Circuit's decision in *Fowler v. AT&T* is materially similar. There, AT&T obtained summary judgment based on evidence that the separation occurred during a planned, company-wide initiative. 19 F.4th at 301. So too here. Under HWWW, leaders of the Professional Services organization relocated roles based on the nature of the work, the location of customers, employees, and offices, and the potential for collaboration, using data that did not include age. Consequently, Plaintiff's role was

relocated from a Delaware facility in which no other Professional Services employees worked and where no Professional Services customers were located, to AT&T's corporate headquarters in Dallas, Texas. For his own personal reasons, Plaintiff declined to relocate with his role. Minguez Tr. 164:9–13. Plaintiff's termination flowed directly from his refusal to relocate. *See MCI Int'l, Inc.*, 829 F. Supp. at 1477 (refusal to relocate provides legitimate reason for termination).

### C. Plaintiff Cannot Show Pretext.

To survive summary judgment, Plaintiff must point to evidence from which a factfinder could reasonably disbelieve AT&T's reason or conclude that age was more likely than not a determinative cause of his termination. *See Fuentes*, 32 F.3d at 764–65 (plaintiff has burden to show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in employer's proffered legitimate business reason). Plaintiff cannot do that. Plaintiff conceded he lacks evidence that anyone in his reporting chain harbored age bias. In the absence of any evidence of age bias, Plaintiff relies on secondhand reports that AT&T's Chief Executive Officer made comments that he construed as preferring younger employees. *Fowler* rejected general statements by AT&T senior management about an aging workforce as pretext evidence, 19 F.4th at 302 n.7, and the remarks here are weaker: Plaintiff never heard them; the speaker, who has been dismissed from this case (ECF No. 45), had no role in the decision to relocate Plaintiff's role; and the decisionmakers testified the remarks had no effect on their decisions. Abart Tr. 154:14–19; 155:2–10; Omet Tr. 98:14–21. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision.").

## II. Plaintiff's Retaliation Claims Fail Because His Separation Followed from a Decision Made Before Any Protected Activity.

Retaliation requires a causal connection between protected activity and an adverse action. *Horvath v. Rimtec Corp.*, 102 F. Supp. 2d 219, 234 (D.N.J. 2000). An action that precedes the protected activity cannot have been caused by it. *Glanzman v. Metro. Mgmt. Corp.*, 391 F.3d 506, 516 (3d Cir. 2004). Plaintiff first complained of age discrimination on July 17, 2023, in response to the communication of the relocation decision, and he refused to pursue the relocated role. His separation on September 8, 2023, was the planned consequence of that decision and his own choice not to follow the role. "Employers need not suspend previously planned transfers" after discovering a complaint, "and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001). Given the lack of any evidence of causation, summary judgment is required. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Horvath*, 102 F. Supp. 2d at 235 (granting summary judgment on retaliation claims). Independently, Plaintiff's inability to show that AT&T's legitimate, non-retaliatory reason is pretextual defeats his retaliation claim.

**III. Neither AT&T Mobility Services, LLC Nor AT&T Services, Inc. Was Plaintiff's Employer.**

The ADEA reaches only an "employer," 29 U.S.C. §§ 623, 630(b), and the NJLAD only covers employers and those who aid or abet a violation, N.J. Stat. § 10:5-12(e). AT&T Corp. was Plaintiff's W-2 employer. Affiliates are presumed separate, and absent evidence of statutory evasion or a parent directing the discriminatory act, that presumption yields only where operations are so entangled that substantive consolidation is warranted. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 84–87 (3d Cir. 2003). Common ownership is not enough to show employees of one entity are treated interchangeably with the other's. *Gorey v. Carpenters Joint Apprentice Comm.*, 2010 WL 1718288, at *6–7 (E.D. Pa. Apr. 27, 2010) (granting summary judgment); *Beckwith v. Int'l Mill Servs., Inc.*, 617 F. Supp. 187, 189–90 (E.D. Pa. 1985) (no integrated enterprise under ADEA). There is no evidence that either AT&T Mobility Services, LLC or AT&T Services, Inc. had control over the essential terms of Plaintiff's employment or played any role in Plaintiff's relocation or separation. *N.L.R.B. v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122–25 (3d Cir. 1982). Nor is there evidence that either entity knowingly and substantially assisted any violation, as aiding-and-abetting liability requires. N.J. Stat. § 10:5-12(e); *see Bowers v. Nat'l Collegiate Athletic Ass'n*, 151 F. Supp. 2d 526, 541–43 (D.N.J. 2001) (summary judgment proper under NJLAD absent evidence of "substantial assistance or encouragement"). Accordingly, both of these entities are entitled to summary judgment. To the extent either entity is treated as a joint employer, it is entitled to summary judgment for the same reasons as AT&T Corp.

***

Defendants respectfully request that the Court schedule a pre-summary judgment motion conference or grant Defendants leave to file their Motion. Defendants' counsel is currently in trial in another matter in Bexar County, Texas, which is expected to conclude on or about October 23, 2026. Defendants accordingly respectfully request that a pre-motion conference be scheduled after the conclusion of that trial and that Defendants' motion, if leave is granted, be due to be served on Plaintiff pursuant to the bundled briefing procedure in Section I.C of the Court's Rules and Procedures on or after December 14, 2026.

Respectfully submitted,

/s/ *Lucas C. Townsend*
Lucas C. Townsend

Cc: All counsel of record (via ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, I caused the attached pre-motion letter to be electronically filed using the Court's CM/ECF system, and accordingly served all parties who receive notice of the filing via the Court's CM/ECF system.

Dated: October 16, 2026

By: /s/ *Lucas C. Townsend*
Lucas C. Townsend, Bar No. 016682004